## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNETH SIMMONS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 15-1370 |
| VILLAGE OF DEER CREEK, DEER CREEK POLICE DEPARTMENT, JAMES EDWARDS, Individually and as Police Chief, JAMES HACKNEY, Individually and as Village President, SALLY HACKNEY, Individually, and TAZCOMM, | ) |
| Defendants. | ) |

## O R D E R

This matter is now before the Court on Defendants' Motion to Dismiss. For the reasons set forth below, the Motion to Dismiss [4] is GRANTED.

### BACKGROUND

On August 15, 2015, Plaintiff, Kenneth Simmons ("Simmons"), filed a Complaint against Defendants in the Circuit Court of the Tenth Judicial Circuit, Tazewell County, Illinois. The Complaint alleged that Simmons' rights were violated when he was unreasonably seized after trimming branches from a neighbor's apple tree that were purportedly obstructing the sidewalk.

Defendants Village of Deer Creek, Police Chief James Edwards, and Village President James Hackney have moved to dismiss this action for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5). The matter is fully briefed, and this Order follows.

### DISCUSSION

Courts have traditionally held that a complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of her claim which would entitle

her to relief.  *See* Conley v. Gibson, 355 U.S. 41 (1957); Gould v. Artisoft, Inc., 1 F.3d 544, 548 (7th Cir. 1993).  Rather, a complaint should be construed broadly and liberally in conformity with the mandate in Federal Rules of Civil Procedure 8(f). More recently, the Supreme Court has phrased this standard as requiring a showing sufficient "to raise a right to relief beyond a speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007).  Furthermore, the claim for relief must be "plausible on its face."  Id.; Ashcroft v. Iqbal, 129 S.Ct. 1937, 1953 (2009).

For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff.  *See* Albright v. Oliver, 510 U.S. 266, 268 (1994); Hishon v. King & Spalding, 467 U.S. 69 (1984); Lanigan v. Village of East Hazel Crest, 110 F.3d 467 (7th Cir. 1997); M.C.M. Partners, Inc. V. Andrews-Bartlett & Assoc., Inc., 62 F.3d 967, 969 (7th Cir. 1995); Early v. Bankers Life & Cas. Co., 959 F.2d 75 (7th Cir. 1992).

Rule 12(b)(5) permits dismissal of a complaint for insufficient service of process.  The plaintiff bears the burden to demonstrate that the court has jurisdiction over each defendant through effective service. *See Homer v. Jones–Bey*, 415 F.3d 748, 754 (7th Cir.2005).  If, on its own or on the defendant's motion, the district court finds that the plaintiff has not met that burden and lacks good cause for not perfecting service, the district court must either dismiss the suit or specify a time within which the plaintiff must serve the defendant. This decision is inherently discretionary. *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir.2008).

Fed. R. Civ. P. 81(c) provides that the Federal Rules apply to a removed action *after* it is removed from state court.  Prior to removal, the action is governed by state law procedural rules, which may be applied by federal courts considering pre-removal conduct. *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 (7th Cir. 2001); *Segal v. Sacco*, 555 N.E.2d 719, 720 (Ill.1990).

Illinois Supreme Court Rule 103(b) provides:

> If the plaintiff fails to exercise reasonable diligence to obtain service on a defendant prior to the expiration of the applicable statute of limitations, the action as to that defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service on a defendant occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice as to that defendant only and shall not bar any claim against any other party based on vicarious liability for that dismissed defendant's conduct. The dismissal may be made on the application of any party or on the court's own motion. In considering the exercise of reasonable diligence, the court shall review the totality of the circumstances, including both lack of reasonable diligence in any pervious case voluntarily dismissed or dismissed for want of prosecution . . . .

The plaintiff bears the burden of demonstrating reasonable diligence in service of process and must also give a reasonable explanation for any apparent lack of diligence. *Id.*; *Womick v. Jackson County Nursing Home*, 561 N.E.2d 25, 29 (Ill. 1990). Factors considered by the Illinois courts in assessing reasonable diligence include the length of time to obtain service, plaintiff's activities during that time, plaintiff's knowledge of defendant's location, how easy it is to determine the whereabouts of defendants, actual knowledge of the defendant regarding the action, any special circumstances affecting plaintiff's ability to serve, and actual service on defendants. *Brown v. Fifth Third Bank*, 2012 WL 6680317, at *5 (N.D.Ill. Dec. 20, 2012), *citing* Kole v. Brubaker, 325 Ill.App.3d 944, 759 N.E.2d 129, 134 (Ill.App.Ct. 2001).

Simmons originally filed a federal complaint arising out of this situation pursuant to 42 U.S.C. § 1983 on August 16, 2013. No defendants were served, and the action was voluntarily dismissed on August 27, 2013. A year later, on August 15, 2014, he filed the present complaint in the Circuit Court for Tazewell County, Illinois. No attempt was made to serve Defendants until after summary judgment was entered in favor of Tazcomm on May 27, 2015. Chief Edwards was served on August 12, 2015. None of the remaining Defendants have been served, although the Village and

President Hackney concede that they received notice of the suit when Chief Edwards was served. The action was removed to federal court on September 4, 2015.

Simmons responds that on July 2, 2015, the state court held a hearing specifically addressing the service issue and granted him until the next court date to serve them, which he contends is October 8, 2015. However, the document he relies on does not support this assertion. While the July 2, 2015 Order indicates that the case was continued to October 8, 2015 and also notes that there has been no service on the remaining Defendants, it does not establish that Simmons could avoid dismissal by serving the Defendants prior to October 8, 2015.

In another pleading, Simmons also references efforts by the Hackneys to evade the attempts of his process server to serve them with summons. However, the Affidavit of the process server indicates that this occurred between August 11-13, 2015, by which time the state court litigation had been pending for essentially 12 months.

Simmons is no stranger to service of summons or federal litigation. In fact, he has been a pro se plaintiff in at least 32 civil actions in this District since 2002.[1] Defendants were well known to him. It is clear from the Complaint that Simmons knew the whereabouts of the Defendants during the year it was pending prior to removal. He fully litigated his claim against Tazcomm, yet he filed and dismissed a federal action without any attempt at service and made no effort to serve Defendants in the state court action until almost exactly a year after it was filed, which is just a few days shy of being two years since the incident in question. There is no indication that Simmons made any efforts

---

[1] In addition to the present litigation, a review of the Court's case management system reveals Simmons' appearance as a pro se plaintiff in Case Nos. 02-1071, 02-1329, 02-1414, 03-1041, 03-1062, 03-1063, 03-1064, 04-1096, 04-1194, 04-1242, 05-1192, 05-1214, 05-1219, 05-1241, 05-1280, 06-1033, 06-1153, 06-1155, 07-1007, 08-1219, 08-1236, 08-1337, 09-1146, 09-1198, 10-1097, 10-1120, 10-1345, 10-2166, 10-2167, 10-2168, 10-2169, and 13-1366.

to obtain service, much less sincere, legitimate efforts that were somehow thwarted or unsuccessful. He provides no explanation for his failure to perfect service; the closest he comes to even acknowledging his failure to serve is the statement that Tazcomm came into state court and litigated without being formally served and that the remaining Defendants could have done the same. The fact that they could is simply not equivalent to any obligation to do so. Additionally, the statutes of limitation have now run on his § 1983 claims and state law claims.

Pursuant to the guidance set forth in *Romo*, *Brown*, and *Segal*, as well as the lengthy delay and lack of any reasonable explanation for the delay, the Court finds that Simmons failed to exercise reasonable diligence to obtain service of Defendants. The Motion to Dismiss is therefore granted.

## CONCLUSION

For the reasons set forth herein, the Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(5) [4] is GRANTED. All other pending motions are now MOOT, and this matter is TERMINATED.

ENTERED this 10th day of November, 2015.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge